IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN    DIVISION

RECEIVED

DEC 1 0 2007   *aew*
DEC 10 2007

W. DOBBINS
DISTRICT COURT

DARREN   EVENS, ex rel.

  PETITIONER,

   vs.

TERRY McCANN,

  RESPONDANT.

)
)
)
)
)

07cv6937
NC JUDGE ZAGEL
  MAG. JUDGE MASON
HO

Presiding    Judge

## PETITION   FOR   WRIT   OF   HABEAS   CORPUS.

Now comes the Petitioner DARREN EVENS, Pro Se, pursuant to TITLE 28 U.S.C. section 2254 and respecfully moves this Honorable Court for an order GRANTINg this PETITION FOR WRIT OF HABEAS CORPUS for the following reasons:

1. Petitioner is being held in state custody in violation of the United states Constitution, Amendments SIX(6) and FOURTEENTH(14th).

2. This violations are due to unreasonable application to clearly established law as outlined by the United States Supreme Court.

3. This unreasonable application of clearly established law is a mis-application also of state law governed by federal case law.

4. The merits of this instant action will be outlined in this PETITION FOR WRIT OF HABEAS CORPUS as outlined below.

A. Petitioner had ineffective assistance of counsel throughout his trial and appeal and violated his SIXTH(6th) amendment right to effectice assistance of cousel, and the rulings by the state courts were a clear misapplication and unreasonable application of clearly established law as out lined by the SUPREME COURT OF THE UNITED STATES.

B. Petitioner was given an EXTENDED TERM SENTENCE that was in direct violatiion of the UNited States Supreme Court APPRENDI RULING.

C. Petitioner was found guilty by aCCOUNTABILTY of the crime of MURDER, and this was in direct violation and unreasonable application of clearly established law as outlined by the United States Supreme court on the issue

of ACCOUNTABILTY and misapplication of ILlinois State law on the ACCOUNTABLITY issue as defined by statute and protected by the fOURTEENTH AMENDMENt to the UNITED STATES CONSTITUTION, DUE PROCESS and EQUAL PROTECTION CLAUSEs.

The following is the brief of the PETITION and the case law and points and authorities in support of said PETITION.

IThe ineffective assistance of counsel issue is one of constitutional magnatue and direct violations of clearly established casw law that the state courts have used unreasonable application in to uphold petitioner's conviction in state court in violation of the SIXTH AMENDMENT to the United States Constitution. During the trial, the ineffective assistance of counsel casued petitoner to not have a fair trial and objections to preserve issues were not made and objections to sentening was not made as well as witnees being called or state witness impeached. These action cause petitioner to have his right to a fair trial violated and his right to effective assistance of counsel violated.

Petitioner had at all times during his trial attempted to get his attorney of record to make various objections and motions that would ensure that he had all issues preserved for the purposes of appeal. This was not done, and has caused petitioner to fight the WAVIER issue in state court which he lost and now must present the issues to this Honorable Court.

Ineffective assistance of cousel was presented to all of the state courts to hear the issues, they either delined and denied the issues and when they did hear them, they used unreasonable application of clearly established law as outlined by theUnited States Supreme Court on the ineffective assistace of counsel issues.

Petitioner submits the following in support thereof, in this action for WRIT OF HABEAS CORPUS. ( SEE ATTACHED SUPPORTING PAPERS HERETO ATTACHED.)

## PETITION

1.  Name the location of court which entered the judgement of conviction under attack  Circuit Court of Cook County, Illinois

2.  Date of judgment of conviction  November 11, 1994

3.  Length of sentence  50 years and 25 years consecutively

4.  Nature of offense involved (all counts with indictment number of each, if known)  Murder and attempted murder Counts 2 & 5,

    Indictment No. 91-19351

5.  What was your plea?  (Check One)
    (A)  Not guilty               ( XXX )
    (B)  Guilty                   (     )
    (C)  Nolo contendere          (     )

    If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

    _____

    _____

    _____

6.  Kind of trial:  (Check One)
    (A)  Jury                     (     )
    (B)  Judge only               ( XXX )

    Did you testify at trial?

        YES  (     )          NO    ( XXX )

8.  Did you appeal from the judgment of conviction or imposition of sentence?

        YES  ( XXX )          NO    (     )

    (A)  If you did appeal, answer the following:

        (1)  Name of court   Appellate Court of Illinois, First Judicial District

        (2)  Result   Judgement Affirmed

3

## ISSUES RAISED ON DIRECT APPEAL AND LEAVE TO APPEAL TO THE SUPREME COURT OF ILLINOIS

### I

DEFENDANT'S DUE PROCESS RIGHTS WERE VIOLATED SUCH THAT DEFENANT DID NOT RECEIVE A FAIR TRIAL WHERE IN ENTERING JUDGEMENT THE TRIAL COURT SPECIFICALLY FOUND THE SOLE EYEWITNESS TO BE INCREDIBLE AND WHERE THE COURT BELOW PROCEEDED TO MISRECOLLECT THE EVIDENCE AND WHERE JUDGEMENT WAS INCONSISTANT WITH THE ACQUITTAL OF CO-DEFENDANT CARL JONES.

### II

DEFENDANT DARREN EVANS' 50 AND 25 YEARS CONSECUTIVE SENTENCES SHOULD BE REDUCED FOR ANY AND ALL OF THE FOLLOWING REASONS:

1.   The sentences are based on an erroneous premise not supported by the record in violation of due process.

2.   Darren Evan's guarantee under the Fifth Amendment to the United States Constitution and Article I, Sec. 10 of the Illinois Constitution against double jeopardy was violated where in sentencing defendant the court below considered conduct for which defendant was acquitted.

3.   When the court imposed a 75 year prison sentence on Darren Evans, it violated the mandate of the Illinois Constitution, Art. I, sec 11.

4.   Darren Evan's 25 year consecutive sentence for attempt murder per 730 ILCS 5/5-8-4(a) should be vacated because the court mistakenly assumed the consecutive nature of the statute was mandatory.

(3)  Date of result     10/31/96

(4)  Issues of raised   See Attached Page 3A

(B)  If you did not appeal, explain briefly why not.

_____

_____

_____

_____

_____

9.  Other than a direct appeal from the judgment of conviction and sentence, have you previously filed with respect to this conviction:

(A)  Any petition in a state court under the Illinois Post-Conviction Hearing Act, Ill.Rev. Stat. ch. 38, sec. 122?

YES ( XXX )    NO ( )

(B)  Any petitions in a state court by way of statutory coram nobis, Ill.Rev. Stat. ch. 110, sec 72?

YES ( )    NO ( XX )

(C)  Any petitions for habeas corpus in state or federal courts?

YES ( )    NO XXX )

(D)  Any petitions in the United States Supreme Court on certiorari other than petitions on appeal specified in question (8)?

YES ( )    NO ( XXX )

(E)  Any other petitions, motions, or applications in this or other court?

YES ( XXX )    NO ( )

10.  If your answer to any section of questions (9) was YES, give the following information:

(A)  (1)  Name of court   Circuit Court of Cook County, Illinois

3B

(2)  Nature of proceeding    Post Trial Motion

(3)  Grounds raised  Evidence Did Not support conviction.

(4)  Did you receive and evidentiary hearing on your petition, application, or motion?

YES  (XXX )    NO  (   )

(5)  Result  One Count of First Degree Murder reversd.

(6)  Date of result    11-3-94

(B)  As to any second petition, application, or motion, give the same information:

(1)  Name of court    Circuit Court of Cook County, Illinois

(2)  Nature of proceeding Petition for post-conviction relief.

(3)  Grounds raised  Violation of Petitioner's 1st, 4th, 5th, 6th, 8th, 9th, and 14th Amendment rights under the United States Constitution.

(4)  Did you receive and evidentiary hearing on your petition, application, or motion?

YES  (   )    NO  (XX )

(5)  Result  The cit court has failed to respond as of this date.

(6)  Date of result  Petitioner has filed a notice to respond (Motion to Respond) which has remained unanswered as of this writing.  Petitioner files this petition at present to abide by U.S.C. Sec. 2244

Section
(C)  As to any third petition, application, or motion, give the same information:

(1)  Name of court  N/A

(2)  Nature of proceeding    N/A

4 A

(C)   Ground three:  **INEFFECTIVE ASSISTANCE OF COUNSEL.**
Supporting **FACTS** (tell your story <u>briefly</u> without citing cases or law):

Petitioner had ineffective assistance of counsel at the

trial, appeal, and post petitions.(SEE ATTACHED IN SUPPORT

THEREOF.)

(D)   Ground Four: _____
Supporting **FACTS** (tell your story <u>briefly</u> without citing cases or law):

Illinois Consecutive Sentencing Statute,

(730 ILCS 5/5-8-4,) is unconstitution

pursuant to Apprendi v. New Jersey, 120.

S.ct. 2348 (2000)

(U.S. const. Amend. 5ᵗ, 6, and 14).

#4B

12. Have all grounds raised in this petition been presented to the
highest court having jurisdiction?

    YES  **XXX** )     NO  (    )

13. If you answered "**NO**" to question (12), state <u>briefly</u> what grounds
were not so presented, and give your reasons for not presenting
them:

    Issue not argued in exact manner as present but based

    on the same grounds as present in this petition.

    That the trial Court errer in finding of guilt against the
    manifest weight of the evidence.

14. Do you have any petition or appeal now pending in any court, either
state or federal, as to the judgment under attack?

    YES  ( XXX)     NO  (    )

    (A)  If yes, state the name of the court and the nature of the
    proceeding.  Circuit Court of Cook County, Illinois,

    Petition for Post-Conviction relief unanswered as of

    this date.

15. Give the name and address, if known, of each attorney who
represented you in the following stages of the judgment attacked
herein:

    (A)  At preliminary hearing Mr. Daniel Stohr,

    (B)  At arraignment and plea     Mr. Daniel Stohr

    (C)  At trial  Mr. Daniel Stohr

    (D)  At sentencing  Mr. Daniel Stonr, Chicago, Illinois.

    (E)  On appeal  Mr. Daniel Stohr, 33 N. Dearborn

    Street, Suite 1401, Chicago, Illinois 60602

15A

(3)Grounds raised_____N.A._____

_____

_____

(4)Did you recieve and evidentiary hearing on your petition,application, or motion?

                    YES (      )          NO (      )

5.Results_____N.A._____

(6)Date of results____N.A._____

(D)Did you appeal to the higest court having jurisdiction the result of action taken on any petition, application, or motion?

(1)First Petition,etc.      xYESXxx yes (XXXXX      no 0        0
(2)Second petition,etc.           YES (XXXX)      NO(        )
(3)Third petition,etc.            YES(      )      NO(            )
(E)If you did not appeal from the adverse action on any petition,application or motion, explain briefly why you did not:

Second petition has not been appealed because cIrcuit Courft hass failed t respond to petition. Issues contained within this petition have benn appealed to the HIGHEST STATE COURT.

STATE BRIEFLY EVERY GROUND ON WHICH YOU CLAIM THE VIOLATIONS ARE UNLAWFUL SUMMIZE EACH FACT OF EACH GROUND. IF NECCESSARY, YOU MAY ATTACH ADDITIONAL PAGES STATING THEADDITIONAL GROUNDS AND FACTS SUPPORTING SAME. IF YOU FAIL TO SET FORTH ALL GROUNDS IN THIS PETITION, YOU MAY BE BARRED FROM PRESENTING ADDITIONAL GROUNDS AT A LATER DATE.

CAUTION:BEFORE PROCEEDING IN THE FEDERAL COURT, YOU MUST ORDINARILY FIRST EXHAUST YOUR STATE COURT REMIDIES AS TO EACH GROUND ON WHICH YOU REQUEST ACTION BY THEW FEDERAL COURT.

(A)Ground one:see attached EXHIBITS A(1) though A(8).

supporting facts(tell your story briefly without citing cases or law);

Petitioners rights to due process were violated by the

court giving him the extended term sentence.(SEE ATTACHED

IN SUPPORT THEREOF.)

(B)    Ground two:    Petitioner was found guilty on the accountabilty
Supporting FACTS (tell your story briefly without citing cases
or law):

   Petitioner was found guilty on accountabilty theory

      contrary to statute and clearly established case

   law on issue.(SEE ATTACHED IN SUPPORT THEREOF.)

6

Petitioner was sentenced to the extended term sentence,  in violation of the United States Supreme Court APPENDI ruling, petitioner had APPENDI isues that were not raised or persvered on the trial record. The issues are such that only this Honorable court can grant the proper relief to ensure that petitioneral has his constitutional rights to due process and equal protection given him.

Petitioner The issue is consewe sentencing , consdective sentencing is allowable only under certain cases, which the instant case is not one.

The trial Judge did not take into account any mitigating factors and looked only at aggravation factors it is unconstitutional to look only at the aggraavting factors and then impose extended term, which further, must have been taken to a jury for it went beyond the original sentence allowed by statute. It was a illegal sentence and must be overturned by this Honorable Court.

The trial court relied upon improper aggravating factors.

    Petitioner was found gulty on accountabilty teoryThe trial Judge found that petitioner was blocking a door way, and that in itself, was enough to attached accontablity.That petitioner was accountable for the actions of hgis co-defendant.The accountablity statute does not read in to itself the reasáning given by the trial Judge, nor does it allow such reasoning to stand based on "only standing in doorway,blocking it". This was not a issue that would fall under the strick standard of the accountabilty statute. accountabilt is not a issue in the instant action, and when this Honorable Court reviews the record in the instant action, it wil see that it is not.

As a matter of law, the accountabilty statute and issue does not apply in the instant case, and must be overturned by this Honorable Court.

    Petitioner had ineffective assistance of counsel throughout his entire state proceedings, and his constitutional rights under the SIXTH AND FOURTEENTH AMENDMENTS to the UNITED STATES CONSTITUTIONAL WERE VIOLATED.

7

These issues were so grave  in nature to deprive petitioner  his right
under the United States Constitution.THese vilation were of constitutional
madnatute,proof that counsels errors werevso serious as to deprive the
defenant of a fair trial, a trial where results are reliable, predujice is
established when a reasonable probabilty exists, that for counsels
unprofessional error, the results would have been diferent.The standard does
not require that his attorney ineffectiveness more likely than not altered
the outcome in the case, reasonabilty probilty is one sufficent toundermined
confidenceb in the outcome,even if the odds that the defendant would have
bean acquitted had he recieved effective representatrion appear to be less
than fifty percent, prejudice has been established as long as the chances
of acquittao are better than negligable. MILLER v.  ANDERSON,255 F.3d.455,
459(7th.Cir,.2001).In any case,an attorneys actions in the defense are not
immune from examination simply becausebthey are teactical.Also, stragic
choices are not immune from examination when ineffective assistance issues
goes to the heartbof allm of petitioners  defends at trial and are issues
in this forum.Also, a court cannot make decisions that are contrary to clearly
established law,a court cannot cite and apply rules that are inconsntent with
Supreme court predence,SEE STRICKLAND v. WASHINGTON,and WOODFORD v.VISCITTA,
466 U.S. 668,104 S.Ct.2052,80 L.Ed.2d.674 and 537 U.S. at 19,S.Ct. 357,154
L.Ed.2d.279(2002).The Federal Court will only intervenve in a state court
decision when it does not comport to established federal case law.See STERNES
v.WARD, RATHER, WARD v. STERNES,334 F.3d. 272 696,703(7th.Cir.2003). In the
instant action, that is exactly what ha¥ppened.

It is the mandated duty of a federal court to overurn a state courts
decision if it does not comply with mandated precence law. No interpreation
of the predence can be allowed except the correct one, it is the federal
courts duty to, as a matter of law, to overturn.SEE STERNES supra.
It is also mandated by statute and predence case law that a predence case
is the controlling case law of that issue

By the ineffective assistance of counsel, not objecting to unreasonable appllication of controlling clearly established law and not preserve it for appeal purpose, petitioner had no attorney at all in the legal sense. All of the issues he has ever brought before any court will be allowed to be reopened because he had ineffectrive assistance of counsels at all state levels.

all doors that were closed to him, will now be opened.

Further, any res judicata issue are moot, for due to the ineffectiuve assisance of counsel, all door that were closed,not open, as a matter of law.SEE ROE v FLORES–ORTEGA,523 U.S. 470, 120 S.Ct. 1029(220).WILLAMS v TAYLOR,529 U.S. 362,120 S.Ct.1495(2000),Errors that undermined confidence in the fundmental fairness of the state adjudication justify the issuance of a federal writ of habeaws corpus SEE TENGUE v. LAHE,489 U.S. 288,311-314,109 S.Ct. 1060,103 L.Ed.2d.334(1989) When ineffective assistance of counsel are issues that are presented to the federal Court along with other issues, it is the duty of that Federal Court to look closely into the issue and asertain if it is the cause of all other issues. SEE WILLIAMS,<u>supra</u> Further_it is the duty of a federal court to protect the constitutonal right of a criminal defenant when a state court hass made unreasonable application of clearly established law as outlined by the United States Supreme Court.

Throughout petitioners entire state proceeding, he had ineffective assistance of counsel and has no other redress but to petition this Honorable cCourt for redress. It is beyond question, when the record and examined and other papers submitted to and by this Honorable Court, they will bare out all of the issues that petitioner has made as true and correct and that his constitutional righs were violated throughout.

Petitioner would further submit to hhis Honorable Court that had he had effecve assistance of counsel he would not be in this forum now.

Petitioner has attached exhibits A(1) through A (8) as a record of part of the ineffective issue, which speaks for itself. SEE ATTACHED EXHIBITS A9!)-A(8) hereto attached.

Petitioner respectfully submits all of the foregoing issue with the fullest knowledge that only this Honotable Court can correct the wrongs done by the state of illinois.

WHEREFORE, petitioner would respectfully pray that this Honorable Court **GRANT** this **WRIT OF HABEAS CORPUS**, **INSTANTER**, and order one of thev following.

1. ORDER A NEW TIAL ON THE ISSUES;

2. ORDER THE NEW TRIAL BE BE WITHIN 120 DAYS OR PETITIONER BE RELEASEFROM CUSTODY,

3. ORDER PETITIONER RELEASED FROM CUSTODY FORTHWITH;

4. ORDER A HEARING ON THE MERITS OF THIS PETITION.

Petitioner would respectfully pray that this Honorable Court **GRANT** all or anyone of the above.

DATED: _NOV 29_____ 2007

Respectfully   Submitted,

*Darren Evans B-61256*

DARREN EVANS, PETITIONER, Pro Se - B-61256

BOX 112

JOLIET, IL. - 60433

10

PETITIONER WAS DENIED DUE PROCESS OF LAW, FAIR TRIAL, AND EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE 5TH, 6TH, AND 14TH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND THE CONSTITUTION OF THE STATE OF ILLINOIS WHEN THE TRIAL JUDGE ARBITRARILY AND CAPRICIOUSLY ASSIGNED PETITIONER AS A PARTICIPANT CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE.

Petitioner was one of three co-defendants charged in the shooting deaths of Maurice Collier and Derick Harris and the attempted murder of the state's only witness, Vincent Carlton. The eyewitness, Vincent Carlton, (herein after Carlton), testified that all three co-defendants were shooters in the deaths and assault.  However, forensic evidence showed that all the bullet casings and all the bullet fragments came from the same gun.

The state's only witness to the shootings was Carlton who was an admitted drug dealer, heroin user, and twice convicted burglar with four or five pending felony cases, consisting of drug cases and a charge of violation of bail bond in the very same courtroom in which his testimony occurred.  None the less, he was out on bond despite the fact that he was subject to consecutive sentences on his pending cases.

At about 5:00 p.m. on the date of the occurence, Maurice Collier approached the petitioner, (Pete), in an angry manner and the Petitioner fired a warning shot at Collier's f... ... exclaiming to Collier to "get up off me; get away from me!".

Later that day in an alley outside the residence of Carl Jones; Collier pulled a weapon on the Petitioner and held said weapon to the Petitioner's head.  Carl Jones took the weapon from Collier and thereafter peace was made between Collier and the Petitioner.

C arl Jones then directed everybody present to get into his van and they drove to Carl Jones sister's residence.  While

EXHIBIT A" (1)

en route to the residence of Carl Jones sister; Carl gave Maurice Collier back his pistol and clip. The Petitioner apologized to Maurice Collier for having pulled a weapon and fired a shot at Collier's feet earlier in the day and everything appeared to be alright.

After about thirty minutes at Carl Jones sister's house everyone present got into the van and went to 4462 South Wentworth in the city of Chicago to prepare for the nights business. Carl Jones was the leader of the enterprise with co-defendants Golar and the Petitioner acting as one crew while the decedent's Harris and Collier along with the witness Carlton acted as a second work crew.

When they arrived at 4462 Wentworth, Carlton climbed in through a second floor window and let everyone (Derrick Harris, Maurice Collier, Petitioner, Jerry, Co-defendants Kevin Golar and Carl Jones) in. Carlton admitted that he lied when he told Detective McCann that a person named George had the keys and had opened the apartment and then left.

After 10 - 15 minutes, Co-defendant Carl Jones left the apartment to make a phone call to start sending customers. Carlton testified that he, Derrick Harris and Maurice Collier were the second shift who were suppose to replace Co-defendant Kevin Golar, Jerry and the Petitioner. They sat around talking for about thirty minutes and everything seemed alright.

Co-defendant Carl Jones returned to the apartment and the witness Carlton testified to two versions of where the defendants were standing. First, that Co-defendant Carl Jones was standing by the living room, Petitioner was standing by the front door,

and Co-defendant Kevin Golar was standing by the living room wall. Vincent Carlton also testified that "they were standing on the side of the wall like more, almost more in the dining room than they would be in the living room."

Vincent Carlton was pacing the floor.

"Q. What is the first thing that happened while you were pacing?

A. First happened when I was pacing I hear gun shots . . .

Q. What did you see Kevin do?

A. Kevin was standing over right across from me shooting.

. . .

Q. Do you know who Kevin was shooting at?

A. No. First I saw Reese hit the ground." On cross examination (on behalf of the Petitioner) Vincent Carlton testified:

"Q. Kevin took out his gun suddenly?

A. Yes.

Q. Kevin shot Maurice suddenly?

A. Yes, Sir.

Q And then Kevin pointed the gun at you?

A. Yes, Sir."

Vincent Carlton testified on direct examination:

"Q. When you heard the gunshots what did you do?

A. I turned around, look(sic). When I look up -- I see Carl over across from me and Kevin across from me and turn off and turn towards the front door.

Q. Before you ran toward the front door what did you see Carl do?

A. Just pull the gun that was all.

Q. Was that after the shot?

A. Yes.



Q. When you turned around after hearing the shots was Pete doing anything when he was standing by the door?

A. Yes. Pulled a silver nine millimeter.

Q. Was this _after_ the shots?

A. Yes.

Q. You said Peter had a silver nine millimeter. What type of gun did Carl have?

A. He had a silver nine.

Vincent Carlton also testified that he then "saw" Pete shoot him in the back. (Emphasis added.) Carlton then ran towards the pantry in the back of the apartment. How witness Carlton saw someone shoot him in the back while running away from the shooter in the darkened apartment was never satisfactorily explained by Mr. Carlton and was specifically rejected by the court below:

> "Now, he says that he thinks a particular person shot him, but I don't know if that's . . . accurate at all because he's in a hurry. He's scared, and he gets shot in the back side . . . but I'm certainly not convinced beyond a reasonable doubt that either . . . Pete or Kevin did the actual shooting at this time.

Vincent Carlton was impeached in his prior inconsistant statements to police. Vincent Carlton's testimony that the Petitioner shot him was impeached by the testimony of Police Officer Rossi that at the scene of the shooting he asked Vincent Carlton who shot him and:

> "he related that it was a subject known as C.J., or I believe it was Carl Jones,"

Vincent Carlton was further impeached:

> "Q. You didn't tell Detective O'Conner in the hospital that night that Pete shot you?
>
> A. Yes, Sir. Yes, I did.

-➡ A (4)

Q.  You didn't tell Detective O'Conner in the hospital that Pete was even there.

A.  Yes, I did.

Q.  You didn't -- what you told Detective O'Conner was that Carl Jones, Kevin, and an unknown male black were there?

A.  No, Sir.

Q.  You never told Detective O'Conner that Pete shot you in the back?

.  .  .

A.  I did."

Vincent Carlton also denied telling Detective O'Conner shortly after ariving at the hospital that after they got there Jones, Kevin and a third <u>unknown</u> male black came up and started shooting. (Emphasis added.)

Detective O'Conner testified that on January 6, 1991 he interviewed Vincent Carlton in the Cook County Hospital. Vincent Carlton told Detective O'Conner that:

"he and the other two victims had gone with a person named George to 4462 S. Wentworth to do some dope and after they got there, Carl Jones, Kevin, and <u>an unknown male black</u>, came in and started shooting. (Emphasis added.)

Vincent Carlton further testified during cross examination on behalf of the Petitioner:

"Q.  You never told any police officer at 4462 S. Wentworth that Darren Evans was present?

A.  Yes, Sir I did."

Vincent Carlton denied telling Police Office Bereta that:

"Maurice, Derrick and myself -- went to 4462 S. Wentworth in Jones van.  When they got to the second floor five to six male blacks were up there and opened fire on them."

Police Officer Bereta testified via stipulation to the foregoing statement by Carlton on January 5, 1991 at 4462 S. Wentworth.

A (5)

In later testimony, Vincent Carlton admitted that in the three years between the shooting and the trial he had never told the police that Darren Evans or Pete had shot him.

The trial court found the testimony of the state's witness to be incredible and that the same was impeached many times. By finding the Co-defendant carl Jones not guilty the court ruled sub-silento that there was no existing conspiracy to kill the decedant's or the state's witness Vincent Carlton.

The Petitioner while at 4462 Wentworth while standing in the darkened apartment heard gunfire breakout. Reacting to that gunfire the petitioner pulled his weapon in self defense as did the Co-defendant Carl Jones. Petitioner did not have prior knowledge that the Co-defendant Kevin Golar would attempt to assinate the victums and indeed does not even know at present what motivated Kevin Golar to do the same.

While pulling his weapon the Petitioner observed Vincent Carlton and Derrick Harris come running past him with Kevin Golar in pursuit. Petitioner did in no way attempt to detain or assault either Carlton or Harris and was acting in a stricly defense mode during the events as they occurred.

The trial judge in error arbitrarily and capriciously finds that because the Petitioner was standing by the door at the time of the attack he must therefore have been acting in concert with the Co-defendant Kevin Golar. It was the trial judges opinion that the pulling of the weapon by the Petitioner showed that Petitoner was aiding Golar in the attack by guarding the door. Despite the fact that the Grand Jury indicted based on the Petitioner being a primary perpatrator in conspiracy to kill the judge finds the Petitioner guilty under the theory of accountability.

A-6

At trial the state's only occurence witness was impeached and found to be without moral fiber or recognition of what the truth or swearing to tell the truth means.  There was no evidence given to substantiate the presence of a conspiracy to cimmit murder or that the Petitioner had any knowledge of what was occurring  other than as he watched the event's infold before his eyes.  The trial judge despite a reasonable conclusion that the Petitioner pulled his weapon in self defense and was standing by the door as a matter of happenstance decides to convict the Petitioner just because standing by the door and pulling his weapon may have indicated that he was acting in concert with the assailant Kevin Golar.

The state bears the burden of proof beyond a reasonable doubt that the Petitioner was guilty of each and every element of the crime as charged.  Petitioner asserts to this Honorable Court that no trier of fact viewing the evidence as given could possibly have found him guilty of the offenses as charged, and could have come to no other conclusion than that the state's key witness was a liar who was fabricating evidence and was unreliable and untrust-worthy.  Kevin Golar acted alone in his attack on Marcus Wilson, Derrick Harris, and Vincent Carlton for reason known only to Golar.  The state did not meet it's burden of proof and were it not for the arbitrary finding and judgement of the trial judge the Petitioner would be free from conviction and incarceration as is proper.  Petitioner asserts to this Honorable Court thathe is in fact innocent of the charges and to this day does not know what provoked Kevin Golar to attack and kill the decedant's and severly injure the state's witness Vincent Carlton.

A-7

Petitioner asserts additionally to this Honorable Court that
the evidence even if reviewed in the light most favorable to the
state will not substantiate conviction.

Appellate Counsel was ineffective for failing to argue on
direct appeal this argument in it's totality where an innocent
Petitioner is confined in the Illinois Department of Corrections
in direct violation of the United States Constitution as that
relates to Fair Trial, Due Process, and Effective Assistance of
Counsel.  Petitioner asks for the foregoing reasons that this
Honorable Court right a past wrong and release Petitioner from
illegal confinement for a crime that he is totally innocent of.

Petitioner additionally asks this Honorable Court to excuse
the rough nature of his pro-se argument and asks that appropriate
counsel be assigned to amend this petition as needed.

Petitioner additionally asserts to this Honorable Court
that he now files this Petition for Writ of Habeas Corpus so as
not to become time barred by time allocations as they are designated
by U.S.C. Title 28, Section 2244 amended by the Anti Terrorism
and Effective Death Penalty Act of 1966 despite the fact that
Petitioner at present has a pending Post-Conviction Petition
before the Circuit Court of Cook County, Illinois.  Despite
demand to reply to the same the Circuit Court has failed to
respond and Petitioner not being well versed in the law asserts
to this Honorable Court that he does not wish to waive his right
to have this Honorable Court rule on the merits of his argument.

-36-

A-4

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN  DIVISION

DARREN EVANS, ex rel,          )

      PETITIONER,          )

      v.          )

TERRY Mc CANN,          )

      RESPONDANT.          )

NO._____

HONORABLE:_____

Presiding     Judge

### N O T I C E

Please take NOTICE  that I have on this _Nov 29_ day of _NOV_
2007, filed with the CLERK OF THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, a copy of the attached:
WRIT OF HABEAS CORPUS PETION, APPOINTMENT OF COUNSERL, EXHIBITS.:BY PLACING
DSAME IN THE U.S. Mail at BOX 112, JOLIET, IL.=60434.

*Warren J Evans B-61256*

DARREN EVANS,PETITIONER,Pro Se - B-61256

---

IN COMPLIANCE WITH TITLE 28 U.S.C. SECTION 1746:

I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT
OF MY OWN PERSONAL KNOWLEDGE.

DATED: _Nov, 29_____,2007:

*Darren Evans B-61256*

DARREN EVANS,PETITIONER, Pro Se - B 61256

BOX 112

JOLIET, IL. - 60434

Subscribed + affirmed
before me this 30th
day of November, 2007

*Jill E Hosselton*

**"OFFICIAL SEAL"**
**JILL E. HOSSELTON**
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 3/16/09