

RECEIVED
JAN 08 2008
JAN 08 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

United States of America ex rel.

___DARREN   EVANS___
(Full name and prison number)
(Include name under which convicted)

PETITIONER

vs.

___TERRY McCANN___
(Warden, Superintendent, or authorized
person having custody of petitioner)

RESPONDENT, and

(Fill in the following blank **only** if judgment
attacked imposes a sentence to commence
in the future)

ATTORNEY GENERAL OF THE STATE OF

_____
(State where judgment entered)

CASE NO: ___07 C 6937___
(Supplied by Clerk of this Court)

Case Number of State Court Conviction:

_____

**AMENDED PETITION FOR WRIT OF HABEAS CORPUS – PERSON IN STATE CUSTODY**

1. Name and location of court where conviction entered: ___CIRCUIT COURT OF COOK COUNTY Illinois.___

2. Date of judgment of conviction: ___NOVEMBER 11, 1994___

3. Offense(s) of which petitioner was convicted (list all counts with indictment numbers, if known)
   ___MURDER and ATTEMPTED MURDER, COUNTS 2 and 5    INDICTMENT NO. 91-19351___

4. Sentence(s) imposed: ___50 years and 25 years consecutively.___

5. What was your plea? (Check one)  (A) Not guilty    (XXXXXX)
                                     (B) Guilty        ( )
                                     (C) Nolo contendere ( )

   If you pleaded guilty to one count or indictment and not guilty to another count or indictment, give details:
   ___N.A.___

Revised: 7/20/05

**PART I – TRIAL AND DIRECT REVIEW**

1. Kind of trial: (Check one):    Jury ( )    Judge only (X)

2. Did you testify at trial?    YES ( )    NO ( )

3. Did you appeal from the conviction or the sentence imposed? YES (X)  NO ( )

   (A) If you appealed, give the
   
   (1) Name of court: Appellate Court of Illinois, 1st. Judicial District
   
   (2) Result: Judgment Affirmed.
   
   (3) Date of ruling: 10/31/96
   
   (4) Issues raised: SEE ATTACHED PAGE 3- A

   (B) If you did not appeal, explain briefly why not: N.A.

4. Did you appeal, or seek leave to appeal, to the highest state court?   YES (XXXXX)   NO ( )

   (A) If yes, give the
   
   (1) Result: LEAVE TO APPEAL DENIED
   
   (2) Date of ruling: 
   
   (3) Issues raised: SEE ATTACHED PAGE 3 A

   (B) If no, why not: N.A.

5. Did you petition the United States Supreme Court for a writ of *certiorari*?   Yes ( )   No (XXX)

   If yes, give (A) date of petition: _____    (B) date *certiorari* was denied: _____

<u>ISSUES RAISED ON DIRECT APPEAL AND LEAVE TO APPEAL TO
THE SUPREME COURT OF ILLINOIS</u>

I

DEFENDANT'S DUE PROCESS RIGHTS WERE VIOLATED SUCH THAT DEFENANT DID NOT RECEIVE A FAIR TRIAL WHERE IN ENTERING JUDGEMENT THE TRIAL COURT SPECIFICALLY FOUND THE SOLE EYEWITNESS TO BE INCREDIBLE AND WHERE THE COURT BELOW PROCEEDED TO MISRECOLLECT THE EVIDENCE AND WHERE JUDGEMENT WAS INCONSISTANT WITH THE ACQUITTAL OF CO-DEFENDANT CARL JONES.

II

DEFENDANT DARREN EVANS' 50 AND 25 YEARS CONSECUTIVE SENTENCES SHOULD BE REDUCED FOR ANY AND ALL OF THE FOLLOWING REASONS:

1. The sentences are based on an erroneous premise not supported by the record in violation of due process.

2. Darren Evan's guarantee under the Fifth Amendment to the United States Constitution and Article I, Sec. 10 of the Illinois Constitution against double jeopardy was violated where in sentencing defendant the court below considered conduct for which defendant was acquitted.

3. When the court imposed a 75 year prison sentence on Darren Evans, it violated the mandate of the Illinois Constitution, Art. I, sec 11.

4. Darren Evan's 25 year consecutive sentence for attempt murder per 730 ILCS 5/5-8-4(a) shculd be vacated because the court mistakenly assumed the consecutive nature of the statute was mandatory.

-3A-

        (3)   Date of result   10/31/96

        (4)   Issues of raised   See Attached Page 3A

  (B)   If you did not appeal, explain briefly why not.

9. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed with respect to this conviction:

    (A)  Any petition in a state court under the Illinois Post-Conviction Hearing Act, Ill.Rev. Stat. ch. 38, sec. 122?

          YES ( XXX )    NO ( )

    (B)  Any petitions in a state court by way of statutory <u>coram nobis</u>, Ill.Rev. Stat. ch. 110, sec 72?

          YES ( )    NO ( XX )

    (C)  Any petitions for habeas corpus in state or federal courts?

          YES ( )    NO ( XXX )

    (D)  Any petitions in the United States Supreme Court for certiorari other than petitions for an allowance of appeal filed in direction (?)

          YES ( )    NO ( XXX )

    (E)  Any other petitions, motions, or applications in this or other court?

          YES ( XXX )    NO ( )

10. If your answer to any section of questions (9) was **YES**, give the following information:

    (A)  (1)  Name of court   Circuit Court of Cook County, Illinois

(2) Nature of proceeding __Post Trial Motion__

(3) Grounds raised __Evidence Did Not support conviction.__

(4) Did you receive and evidentiary hearing on your petition, application, or motion?

              YES (XXX)    NO ( )

(5) Result __One Count of First Degree Murder reversd.__

(6) Date of result __11-3-94__

(B) As to any second petition, application, or motion, give the same information:

(1) Name of court __Circuit Court of Cook County, Illinois__

(2) Nature of proceeding __Petition for post-conviction relief.__

(3) Grounds raised __Violation of Petitioner's 1st, 4th, 5th, 6th, 8th, 9th, and 14th Amendment rights under the United States Constitution.__

(4) Did you receive and evidentiary hearing on your petition, application, or motion?

              YES ( )    NO (XXX)

(5) Result __Ill. Ct. Court has failed to respond as of this date.__

(6) Date of result __Petitioner has filed a notice to respond (Motion to Respond) which has remained unanswered as of this writing. Petitioner files this petition at present to abide by U.S.C. Sec. 2244__

Section

(C) As to any third petition, application, or motion, give the same information:

(1) Name of court __N/A__

(2) Nature of proceeding __N/A__

4

## PART III – PETITIONER'S CLAIMS

1. State <u>briefly</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the <u>facts</u> supporting each ground. You may attach additional pages stating additional grounds and supporting facts. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds later.

**BEFORE PROCEEDING IN THE FEDERAL COURT, YOU MUST ORDINARILY FIRST EXHAUST YOUR STATE COURT REMEDIES WITH RESPECT TO EACH GROUND FOR RELIEF ASSERTED.**

(A) Ground one  Petitioner's rights to due process were violated
Supporting facts (tell your story <u>briefly</u> without citing cases or law):

~~by the court giving him the extended term sentence.~~

( SEE ATTACHED IN SUPPORT THEREOF. )

(B) Ground two  Petitioner was found guilty on the accounyabilty theory.
Supporting facts:

Petitioner was found guilty on the accountabilty theory

contrary to statute and clearly established ~~case law on the issue.~~

( SEE ATTACHED IN SUPPORT THEREOF. )

(C) Ground three ___Ineffective Assistance of counsel.___
    Supporting facts:

Petitioner had ineffective assistance of counsel at the trial, appeal, and post petition.

( SEE ATTACHED IN SUPPORT THEREOF. )

(D) Ground four ___Illinois Consective sentencing statute is illegal___
    Supporting facts:

Illinois consectuvie sentencing statute is unconstitutional 730 ILCS 5/5-8-4, on its face as applied in light of APPRENDI, BLAKELY, RING and HARRIS rulings by the United States Supreme Court.
( SEE TTACHED IN SUPPORT THEREOF. )

2. Have all grounds raised in this petition been presented to the highest court having jurisdiction?

   YES (X)   NO ( )

3. If you answered "NO" to question (2), state briefly what grounds were not so presented and why not:

   N.A.

**PART IV – REPRESENTATION**

Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(A) At preliminary hearing _Danil Stohr_

(B) At arraignment and plea _SAME AS ABOVE   (daniel STOHR)_

(C) At trial _SAME AS ABOVE_

(D) At sentencing _DANIEL STOHR_

(E) On appeal _DANIEL STOHR_

(F) In any post-conviction proceeding _____

(G) Other (state): _____

**PART V – FUTURE SENTENCE**

Do you have any future sentence to serve following the sentence imposed by this conviction?

YES ( )   NO (X)

Name and location of the court which imposed the sentence: _N.A._

Date and length of sentence to be served in the future _N.A._

WHEREFORE, petitioner prays that the court grant petitioner all relief to which he may be entitled in this proceeding.

Signed on: _01/3/08_
(Date)

_____
Signature of attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct.

_Darren Evans_
(Signature of petitioner)

_B61256_
(I.D. Number)

_Stateville C.C._
(Address)

Petitioner was sentenced to the extended term sentence, in violation of the United States Supreme Court APPENDI ruling, petitioner had APPENDI isues that were not raised or persvered on the trial record. The issues are such that only this Honorable court can grant the proper relief to ensure that petitioner has his constitutional rights to due process and equal protection given him.

Petitioner The issue is consewe sentencing, consdective sentencing is allowable only under certain cases, which the instant case is not one. The trial Judge did not take into account any mitigating factors and looked only at aggrevation factors it is unconstitutional to look only at the aggraavting factors and then impose extended term, which further, must have been taken to a jury for it went beyond the original sentence allowed by statute. It was a illegal sentence and must be overturned by this Honorable Court.

The trial court relied upon improper aggravating factors.

Petitioner was found gulty on accountabilty teoryThe trial Judge found that petitioner was blocking a door way, and that in itself, was enough to attached accontablity.That petitioner was accountable for the actions of hgis co-defendant.The accountablity statute does not read in to itself the reasoning given by the trial Judge, nor does it allow such reasoning to stand based on "only standing in doorway,blocking it". This was not a issue that would fall under the strick standard of the accountabilty statute. accountabilty is not a issue in the instant action, and when this Honorable Court reviews the record in the instant action, it wil see that it is not.

As a matter of law, the accountabilty statute and issue does not apply in the instant case, and must be overturned by this Honorable Court.

Petitioner had ineffective assistance of counsel throughout his entire state proceedings, and his constitutional rights under the **SIXTH AND FOURTEENTH AMENDMENTS** to the UNITED STATES CONSTITUTIONAL WERE VIOLATED.

7

These issues were so grave in nature to deprive petitioner his right under the United States Constitution.THese vilation were of constitutional madnatute,proof that counsels errors werevso serious as to deprive the defenant of a fair trial, a trial where results are reliable, predujice is established when a reasonable probabilty exists, that for counsels unprofessional error, the results would have been diferent.The standard does not require that his attorney ineffectiveness more likely than not altered the outcome in the case, reasonabilty probilty is one sufficent toundermined confidenceb in the outcome,even if the odds that the defendant would have bean acquitted had he recieved effective representatrion appear to be less than fifty percent, prejudice has been established as long as the chances of acquittao are better than hegligable. MILLER v. ANDERSON,255 F.3d.455, 459(7th.Cir,.2001).In any case,an attorneys actions in the defense are not immune from examination simply becausebthey are teactical.Also, stragic choices are not immune from examination when ineffective assistance issues goes to the heartbof allm of petitioners defends at trial and are issues in this forum.Also, a court cannot make decisions that are contrary to clearly established law,a court cannot cite and apply rules that are inconsntent with Supreme court predence,SEE STRICKLAND v. WASHINGTON,and WOODFORD v.VISCITTA, 466 U.S. 668,104 S.Ct.2052,80 L.Ed.2d.674 and 537 U.S. at 19,S.Ct. 357,154 L.Ed.2d.279(2002).The Federal Court will only intervenve in a state court decision when it does not comport to established federal case law.See STERNES v.WARD, RATHER, WARD v. STERNES,334 F.3d. 272 696,703(7th.Cir.2003). In the instant action, that is exactly what ha¥ppened.

It is the mandated duty of a federal court to overurn a state courts decision if it does not comply with mandated precence law. No interpreation of the predence can be allowed except the correct one, it is the federal courts duty to, as a matter of law, to overturn.SEE STERNES supra.
It is also mandated by statute and predence case law that a predence case is the controlling case law of that issue

By the ineffective assistance of counsel not obecting to unreasonable appllication of controlling clearly established law and not preserve it for appeal purpose, petitioner had no attorney at all in the legal sense.
All of the issues he has ever brought before any court will be allowed to be reopened because he had ineffectrive assistance of counsels at all state levels.
all doors that were closed to him, will now be opened.
Further, any res judicata issue are moot, for due to the ineffectiuve assisance of counsel, all door that were closed,not open, as a matter of law.SEE ROE v FLORES-ORTEGA,523 U.S. 470, 120 S.Ct. 1029(220).WILLAMS v TAYLOR,529 U.S. 362,120 S.Ct.1495(2000),Errors that undermined confidence in the fundmental fairness of the state adjudication justify the issuance of a federal writ of habeaws corpus SEE TENGUE v. LAHE,489 U.S. 288,311-314,109 S.Ct. 1060,103 L.Ed.2d.334(1989) When ineffective assistance of counsel are issues that are presented to the federal Court along with other issues, it is the duty of that Federal Court to look closely into the issue and asertain if it is the cause of all other issues. SEE WILLIAMS,<u>supra</u> Further it is the duty of a federal court to protect the constitutonal right of a criminal defenant when a state court hass made unreasonable application of clearly established law as outlined by the United States Supreme Court.

Throughout petitioners entire state proceeding, he had ineffective assistance of counsel and has no other redress but to petition this Honorable cCourt for redress. It is beyond question, when the record and examined and other papers submitted to and by this Honorable Court, they will bare out all of the issues that petitioner has made as true and correct and that his constitutional righs were violated throughout.

Petitioner would further submit to hhis Honorable Court that had he had effecve assistance of counsel he would not be in this forum now.

Petitioner has attached **exhibits A(1) through A (8)** as a record of part of the ineffective issue, which speaks for itself. SEE ATTACHED EXHIBITS A9!)-A(8) hereto attached.

Petitioner respectfully submits all of the foregoing issue with the fullest knowledge that only this Honorable Court can correct the wrongs done by the state of illinois.

    WHEREFORE, petitioner would respectfully pray that this Honorable Court **GRANT** this **WRIT OF HABEAS CORPUS, INSTANTER**, and order one of thev following.

1. ORDER A NEW TIAL ON THE ISSUES;

2. ORDER THE NEW TRIAL BE BE WITHIN 120 DAYS OR PETITIONER BE RELEASEFROM CUSTODY,

3. ORDER PETITIONER RELEASED FROM CUSTODY FORTHWITH;

4. ORDER A HEARING ON THE MERITS OF THIS PETITION.

    Petitioner would respectfully pray that this Honorable Court **GRANT** all or any one of the above.

DATED: ~~NOV 27~~ Refiled JAN 3, 2008 _____ 2007

                   Respectfully Submitted,

                   *Darren Evans B-61256*

DARREN EVANS, PETITIONER, Pro Se - B-61256

BOX 112

JOLIET, IL. - 60438

10

PETITIONER WAS DENIED DUE PROCESS OF LAW, FAIR TRIAL, AND EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE 5TH, 6TH, AND 14TH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND THE CONSTITUTION OF THE STATE OF ILLINOIS WHEN THE TRIAL JUDGE ARBITRARILY AND CAPRICIOUSLY ASSIGNED PETITIONER AS A PARTICIPANT CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE.

Petitioner was one of three co-defendants charged in the shooting deaths of Maurice Collier and Derick Harris and the attempted murder of the state's only witness, Vincent Carlton. The eyewitness, Vincent Carlton, (herein after Carlton), testified that all three co-defendants were shooters in the deaths and assault. However, forensic evidence showed that all the bullet casings and all the bullet fragments came from the same gun.

The state's only witness to the shootings was Carlton who was an admitted drug dealer, heroin user, and twice convicted burglar with four or five pending felony cases, consisting of drug cases and a charge of violation of bail bond in the very same courtroom in which his testimony occurred. None the less, he was out on bond despite the fact that he was subject to consecutive sentences on his pending cases.

At about 5:00 p.m. on the date of the occurence, Maurice Collier approached the petitioner, (Pete), in an angry manner and the Petitioner fired a warning shot at Collier's f[...] exclaiming to Collier to "get up off me; get away from me!".

Later that day in an alley outside the residence of Carl Jones; Collier pulled a weapon on the Petitioner and held said weapon to the Petitioner's head. Carl Jones took the weapon from Collier and thereafter peace was made between Collier and the Petitioner.

C arl Jones then directed everybody present to get into his van and they drove to Carl Jones sister's residence. While

EXHIBIT "A" (11

en route to the residence of Carl Jones sister; Carl gave Maurice Collier back his pistol and clip. The Petitioner apologized to Maurice Collier for having pulled a weapon and fired a shot at Collier's feet earlier in the day and everything appeared to be alright.

After about thirty minutes at Carl Jones sister's house everyone present got into the van and went to 4462 South Wentworth in the city of Chicago to prepare for the nights business. Carl Jones was the leader of the enterprise with co-defendants Golar and the Petitioner acting as one crew while the decedant's Harris and Collier along with the witness Carlton acted as a second work crew.

When they arrived at 4462 Wentworth, Carlton climbed in through a second floor window and let everyone (Derrick Harris, Maurice Collier, Petitioner, Jerry, Co-defendants Kevin Golar and Carl Jones) in. Carlton admitted that he lied when he told Detective McCann that a person named George had the keys and had opened the apartment and then left.

After 10 - 15 minutes, Co-defendant Carl Jones left the apartment to make a phone call to start sending customers. Carlton testified that he, Derrick Harris and Maurice Collier were the second shift who were suppose to replace Co-defendant Kevin Golar, Jerry and the Petitioner. They sat around talking for about thirty minutes and everything seemed alright.

Co-defendant Carl Jones returned to the apartment and the witness carlton testified to two versions of where the defendants were standing. First, that Co-defendant Carl Jones was standing by the living room, Petitioner was standing by the front door,

A (A)

and Co-defendant Kevin Golar was standing by the living room wall. Vincent Carlton also testified that "they were standing on the side of the wall like more, almost more in the dining room than they would be in the living room."

Vincent Carlton was pacing the floor.

"Q. What is the first thing that happened while you were pacing?

A. First happened when I was pacing I hear gun shots . . .

Q. What did you see Kevin do?

A. Kevin was standing over right across from me shooting.

. . .

Q. Do you know who Kevin was shooting at?

A. No. First I saw Reese hit the ground." On cross examination (on behalf of the Petitioner) Vincent Carlton testified:

"Q. Kevin took out his gun suddenly?

A. Yes.

Q. Kevin shot Maurice suddenly?

A. Yes, Sir.

Q And then Kevin pointed the gun at you?

A. Yes, Sir."

On Carlton's redirect or direct examination

"Q. When you heard the gunshots what did you do?

A. I turned around, look(sic). When I look up -- I see Carl over across from me and Kevin across from me and turn off and turn towards the front door.

Q. Before you ran toward the front door what did you see Carl do?

A. Just pull the gun that was all.

Q. Was that after the shot?

A. Yes.



Q. When you turned around after hearing the shots was Pete doing anything when he was standing by the door?

A. Yes  Pulled a silver nine millimeter.

Q. Was this <u>after</u> the shots?

A. Yes.

Q. You said Peter had a silver nine millimeter. What type of gun did Carl have?

A. He had a silver nine.

Vincent Carlton also testified that he then "<u>saw</u>" Pete shoot him in the back. (Emphasis added.) Carlton then ran towards the pantry in the back of the apartment. How witness Carlton saw someone shoot him in the back while running away from the shooter in the darkened apartment was never satisfactorily explained by Mr. Carlton and was specifically rejected by the court below:

> "Now, he says that he thinks a particular person shot him, but I don't know if that's . . . accurate at all because he's in a hurry. He's scared, and he gets shot in the back side . . . but I'm certainly not convinced beyond a reasonable doubt that either . . . Pete or Kevin did the actual shooting at this time.

Vincent Carlton was impeached in his prior inconsistant statements to police. Vincent Carlton's testimony that the Petitioner shot him was impeached by the testimony of Police Officer Rossi that at the scene of the shooting he asked Vincent Carlton who shot him and:

> "he related that it was a subject known as C.J., or I believe it was Carl Jones,"

Vincent Carlton was further impeached:

> "Q. You didn't tell Detective O'Conner in the hospital that night that Pete shot you?
>
> A. Yes, Sir. Yes, I did.

A(4)

> Q. You didn't tell Detective O'Conner in the hospital that Pete was even there.
>
> A. Yes, I did.
>
> Q. You didn't -- what you told Detective O'Conner was that Carl Jones, Kevin, and an unknown male black were there?
>
> A. No, Sir.
>
> Q. You never told Detective O'Conner that Pete shot you in the back?
>
> . . .
>
> A. I did."

Vincent Carlton also denied telling Detective O'Conner shortly after ariving at the hospital that after they got there Jones, Kevin and a third <u>unknown</u> male black came up and started shooting. (Emphasis added.)

Detective O'Conner testified that on January 6, 1991 he interviewed Vincent Carlton in the Cook County Hospital. Vincent Carlton told Detective O'Conner that:

> "he and the other two victums had gone with a person named George to 4462 S. Wentworth to do some dope and after they got there, Carl Jones, Kevin, and <u>an unknown male black</u>, came in and started shooting. (Emphasis added.)

Vincent Carlton further testified during cross examination on behalf of the petitioner:

> "Q. You never told any police officer at 4462 S. Wentworth that Darren Evans was present?
>
> A. Yes, Sir I did."

Vincent Carlton denied telling Police Office Bereta that:

> "Maurice, Derrick and myself -- went to 4462 S. Wentworth in Jones van. When they got to the second floor five to six male blacks were up there and opened fire on them."

Police Officer Bereta testified via stipulation to the foregoing statement by Carlton on January 5, 1991 at 4462 S. Wentworth.

A(5)

In later testimony, Vincent Carlton admitted that in the three years between the shooting and the trial he had never told the police that Darren Evans or Pete had shot him.

The trial court found the testimony of the state's witness to be incredible and that the same was impeached many times. By finding the Co-defendant Carl Jones not guilty the court ruled sub-silento that there was no existing conspiracy to kill the decedant's or the state's witness Vincent Carlton.

The Petitioner while at 4462 Wentworth while standing in the darkened apartment heard gunfire breakout. Reacting to that gunfire the petitioner pulled his weapon in self defense as did the Co-defendant Carl Jones. Petitioner did not have prior knowledge that the Co-defendant Kevin Golar would attempt to assinate the victums and indeed does not even know at present what motivated Kevin Golar to do the same.

While pulling his weapon the Petitioner observed Vincent Carlton and Derrick Harris come running past him with Kevin Golar in pursuit, Petitioner did in no way attempt to detain or assault either Carlton or Harris and was acting in a stricly defense mode during the events as they occurred.

The trial judge in error arbitrarily and capriciously finds that because the Petitioner was standing by the door at the time of the attack he must therefore have been acting in concert with the Co-defendant Kevin Golar. It was the trial judges opinion that the pulling of the weapon by the Petitioner showed that Petitoner was aiding Golar in the attack by guarding the door. Despite the fact that the Grand Jury indicted based on the Petitioner being a primary perpatrator in conspiracy to kill the judge finds the Petitioner guilty under the theory of accountability.

A-1

At trial the state's only occurence witness was impeached and found to be without moral fiber or recognition of what the truth or swearing to tell the truth means. There was no evidence given to substantiate the presence of a conspiracy to cimmit murder or that the Petitioner had any knowledge of what was occurring other than as he watched the event's infold before his eyes. The trial judge despite a reasonable conclusion that the Petitioner pulled his weapon in self defense and was standing by the door as a matter of happenstance decides to convict the Petitioner just because standing by the door and pulling his weapon may have indicated that he was acting in concert with the assailant Kevin Golar.

The state bears the burden of proof beyond a reasonable doubt that the Petitioner was guilty of each and every element of the crime as charged. Petitioner asserts to this Honorable Court that no trier of fact viewing the evidence as given could possibly have found him guilty of the offenses as charged, and could have come to no other conclusion than that the state's key witness was a liar who was fabricating evidence and was unreliable and untrustworthy. Kevin Golar acted alone in his attack on Martel Miller, Derrick Harris, and Vincent Carlton for reason known only to Golar. The state did not meet it's burden of proof and were it not for the arbitrary finding and judgement of the trial judge the Petitioner would be free from conviction and incarceration as is proper. Petitioner asserts to this Honorable Court thathe is in fact innocent of the charges and to this day does not know what provoked Kevin Golar to attack and kill the decedent's and severly injure the state's witness Vincent Carlton.

A-7

Petitioner asserts additionally to this Honorable Court that the evidence even if reviewed in the light most favorable to the state will not substantiate conviction.

Appellate Counsel was ineffective for failing to argue on direct appeal this argument in it's totality where an innocent Petitioner is confined in the Illinois Department of Corrections in direct violation of the United States Constitution as that relates to Fair Trial, Due Process, and Effective Assistance of Counsel. Petitioner asks for the foregoing reasons that this Honorable Court right a past wrong and release Petitioner from illegal confinement for a crime that he is totally innocent of.

Petitioner additionally asks this Honorable Court to excuse the rough nature of his pro-se argument and asks that appropriate counsel be assigned to amend this petition as needed.

Petitioner additionally asserts to this Honorable Court that he now files this Petition for Writ of Habeas Corpus so as not to become time barred by time allocations as they are designated by U.S.C. Title 28, Section 2244 amended by the Anti Terrorism and Effective Death Penalty Act of 1966 despite the fact that Petitioner at Present has a pending Post-Conviction Petition before the Circuit Court of Cook County, Illinois. Despite demand to reply to the same the Circuit Court has failed to respond and Petitioner not being well versed in the law asserts to this Honorable Court that he does not wish to waive his right to have this Honorable Court rule on the merits of his argument.

A-4