① Org                                                        CH

**RECEIVED**

## IN THE UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

JAN 09 2008 *aew*
GN 09 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**RBF**

**FILED**

United States of America ex rel.

**JANUARY 10, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

DARREN EVANS
(Full name and prison number)
(Include name under which convicted)

PETITIONER

vs.

CASE NO:  07 C 6937
(Supplied by Clerk of this Court)

TERRY McCANN
(Warden, Superintendent, or authorized
person having custody of petitioner)

RESPONDENT, and

**(Fill in the following blank only if judgment
attacked imposes a sentence to commence
in the future)**

ATTORNEY GENERAL OF THE STATE OF

Case Number of State Court Conviction:

(State where judgment entered)

### AMENDED PETITION FOR WRIT OF HABEAS CORPUS – PERSON IN STATE CUSTODY

1.  Name and location of court where conviction entered: CIRCUIT COURT OF COOK COUNTY
    Illinois.

2.  Date of judgment of conviction: NOVEMBER 11, 1994

3.  Offense(s) of which petitioner was convicted (list all counts with indictment numbers, if known)
    MURDER and ATTEMPTED MURDER, COUNTS 2 and 5  INDICTMENT NO. 91-19351

4.  Sentence(s) imposed: 50 years and 25 years consecutively.

5.  What was your plea? (Check one)    (A) Not guilty    ( )
                                       (B) Guilty        (XXXXXX)
                                       (C) Nolo contendere  ( )

    If you pleaded guilty to one count or indictment and not guilty to another count or indictment, give details:

    N.A.

Revised: 7/20/05

**PART I – TRIAL AND DIRECT REVIEW**

1.  Kind of trial: (Check one):        Jury ( )          Judge only (✗)

2.  Did you testify at trial?          YES ( )          NO      ( )

3.  Did you appeal from the conviction or the sentence imposed?  YES (✗)  NO ( )

    (A)  If you appealed, give the

    (1)  Name of court:  Appellate Court of Illinois, 1st. Judicial District

    (2)  Result:  Judgment Affirmed.

    (3)  Date of ruling:  10/31/96

    (4)  Issues raised:  SEE ATTACHED PAGE 3- A

    (B)  If you did not appeal, explain briefly why not:

    N.A.

4.  Did you appeal, or seek leave to appeal, to the highest state court?  YES (✗)  NO ( )

    (A)  If yes, give the  LEAVE TO APPEAL DENIED

    (1)  Result:

    (2)  Date of ruling:

    (3)  Issues raised:  SEE ATTACHED PAGE 3 A

    (B)  If no, why not:  N.A.

5.  Did you petition the United States Supreme Court for a writ of *certiorari*?  Yes ( )  No (✗)

    If yes, give (A) date of petition: _____  (B) date *certiorari* was denied: _____

Revised: 7/20/05

## ISSUES RAISED ON DIRECT APPEAL AND LEAVE TO APPEAL TO THE SUPREME COURT OF ILLINOIS

### I

DEFENDANT'S DUE PROCESS RIGHTS WERE VIOLATED SUCH THAT DEFENANT DID NOT RECEIVE A FAIR TRIAL WHERE IN ENTERING JUDGEMENT THE TRIAL COURT SPECIFICALLY FOUND THE SOLE EYEWITNESS TO BE INCREDIBLE AND WHERE THE COURT BELOW PROCEEDED TO MISRECOLLECT THE EVIDENCE AND WHERE JUDGEMENT WAS INCONSISTANT WITH THE ACQUITTAL OF CO-DEFENDANT CARL JONES.

### II

DEFENDANT DARREN EVANS' 50 AND 25 YEARS CONSECUTIVE SENTENCES SHOULD BE REDUCED FOR ANY AND ALL OF THE FOLLOWING REASONS:

1.  The sentences are based on an erroneous premise not supported by the record in violation of due process.

2.  Darren Evan's guarantee under the Fifth Amendment to the United States Constitution and Article I, Sec. 10 of the Illinois Constitution against double jeopardy was violated where in sentencing defendant the court below considered conduct for which defendant was acquitted.

3.  When the court imposed a 75 year prison sentence on Darren Evans, it violated the mandate of the Illinois Constitution, Art. I, sec 11.

4.  Darren Evan's 25 year consecutive sentence for attempt murder per 730 ILCS 5/5-8-4(a) should be vacated because the court mistakenly assumed the consecutive nature of the statute was mandatory.

(3)  Date of result    10/31/96

(4)  Issues of raised   See Attached Page 3A

(B)  If you did not appeal, explain briefly why not.

_____

_____

_____

_____

_____

9.  Other than a direct appeal from the judgment of conviction and sentence, have you previously filed with respect to this conviction:

    (A)  Any petition in a state court under the Illinois Post-Conviction Hearing Act, Ill.Rev. Stat. ch. 38, sec. 122?

          YES  ( XXX)      NO  (   )

    (B)  Any petitions in a state court by way of statutory coram nobis, Ill.Rev. Stat. ch. 110, sec 72?

          YES  (   )      NO  ( XX )

    (C)  Any petitions for habeas corpus in state or federal courts?

          YES  (   )      NO  ( XXX )

    (D)  Any petitions in the United States Supreme Court for certiorari other than petitions on the direct appeal listed in question (8)?

          YES  (   )      NO  (XXX)

    (E)  Any other petitions, motions, or applications in this or other court?

          YES  (XXX)      NO  (   )

10.  If your answer to any section of questions (9) was **YES**, give the following information:

    (A)  (1)  Name of court    Circuit Court of Cook County,Illinois

(2)   Nature of proceeding   <u>Post Trial Motion</u>

_____

(3)   Grounds raised  <u>Evidence Did Not support conviction.</u>

_____

_____

(4)   Did you receive and evidentiary hearing on your petition, application, or motion?

YES   (XXX)      NO   (   )

(5)   Result   <u>One Count of First Degree Murder reversd.</u>

(6)   Date of result   <u>11-3-94</u>

  (B)   As to any second petition, application, or motion, give the same information:

(1)   Name of court   <u>Circuit Court of Cook County, Illinois</u>

(2)   Nature of proceeding <u>Petition for post-conviction</u>

     <u>relief.</u>

(3)   Grounds raised   <u>Violation of Petitioner's 1st,</u>

    <u>4th, 5th, 6th, 8th, 9th, and 14th Amendment</u>

    <u>rights under the United States Constitution.</u>

(4)   Did you receive and evidentiary hearing on your petition, application, or motion?

YES            NO  (XXX)

(5)   Result <u>Trial court has failed to respond to</u>
    <u>this date.</u>

(6)   Date of result   <u>Petitioner has filed a notice to</u>
respond (Motion To Respond) which has remained
unanswered as of this writing. Petitioner files
Section     this petition at present to abide by U.S.C. Sec. 2244.

  (C)   As to any third petition, application, or motion, give the same information:

(1)   Name of court   <u>N/A</u>

(2)   Nature of proceeding   <u>N/A</u>

4 4

## PART III – PETITIONER'S CLAIMS

1.   State briefly every ground on which you claim that you are being held unlawfully.  Summarize briefly the facts supporting each ground.  You may attach additional pages stating additional grounds and supporting facts.  If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds later.

**BEFORE PROCEEDING IN THE FEDERAL COURT, YOU MUST ORDINARILY FIRST EXHAUST YOUR STATE COURT REMEDIES WITH RESPECT TO EACH GROUND FOR RELIEF ASSERTED.**

(A)   Ground one   `Petitioner's rights to due process were violated`
Supporting facts (tell your story briefly without citing cases or law):

`by the court giving him the extended term sentence.`

`( SEE ATTACHED IN SUPPORT THEREOF. )`

(B)   Ground two   `Petitioner was found guilty on the accounyabilty theory.`
Supporting facts:

`Petitioner was found guilty on the accountabilty theory`

`contrary to statute and clearly established case law on the issue.`

`( SEE ATTACHED IN SUPPORT THEREOF. )`

5

Revised: 7/20/05

(C)  Ground three _____ Ineffective Assistance of counsel. _____
     Supporting facts:

____ Petitioner had ineffective assistance of counsel at the trial, appeal, ____

____ and post petition. _____

____ ( SEE ATTACHED IN SUPPORT THEREOF. ) _____

_____

_____

_____

_____

_____

_____


(D)  Ground four _____ Illinois Consective sentencing statute is illegal. ____
     Supporting facts:

____ Illinois consectuvie sentencing statute is unconstitutional ____

____ 730 ILCS 5/5-8-4, on its face as applied in light of APPRENDI, ____

____ BLAKELY, RING and HARRIS rulings by the United States Supreme Court. ____

____ ( SEE TTACHED IN SUPPORT THEREOF. ) _____

_____

_____

_____

_____

_____


2.  Have all grounds raised in this petition been presented to the highest court having jurisdiction?

     YES (X)   NO ( )

3.  If you answered "NO" to question (2), state briefly what grounds were not so presented and why not:

_____

_____ N.A. _____

_____

Revised: 7/20/05

## PART IV – REPRESENTATION

Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(A) At preliminary hearing _____ **Danil Stohr** _____

(B) At arraignment and plea _____ **SAME AS ABOVE   (daniel STOHR)** _____

(C) At trial _____ **SAME AS ABOVE** _____

(D) At sentencing _____ **DANIEL STOHR** _____

(E) On appeal **DANIEL STOHR** _____

(F) In any post-conviction proceeding _____

(G) Other (state): _____

## PART V – FUTURE SENTENCE

Do you have any future sentence to serve following the sentence imposed by this conviction?

YES ( )  NO (X)

Name and location of the court which imposed the sentence: _____ *N. A.* _____

Date and length of sentence to be served in the future _____ *N. A.* _____

WHEREFORE, petitioner prays that the court grant petitioner all relief to which he may be entitled in this proceeding.

Signed on: _____ *01/3/08* _____          _____
(Date)                                                    Signature of attorney (if any)

**I declare under penalty of perjury that the foregoing is true and correct.**

*Warren Evans*
(Signature of petitioner)

*B61256*
(I.D. Number)

*Stateville C.C.*
(Address)

7

Revised: 7/20/05

Petitioner was sentenced to the extended term sentence, in violation of the United States Supreme Court APPENDI ruling, petitioner had APPENDI isues that were not raised or persvered on the trial record. The issues are such that only this Honorable court can grant the proper relief to ensure that petitioner has his constitutional rights to due process and equal protection given him.

Petitioner The issue is consese sentencing , consdective sentencing is allowable only under certain cases, which the instant case is not one. The trial Judge did not take into account any mitigating factors and looked only at aggravation factors it is unconstitutional to look only at the aggraavting factors and then impose extended term, which further, must have been taken to a jury for it went beyond the original sentence allowed by statute. It was a illegal sentence and must be overturned by this Honorable Court.

The trial court relied upon improper aggravating factors.

Petitioner was found gulty on accountabilty teoryThe trial Judge found that petitioner was blocking a door way, and that in itself, was enough to attached accoutablity.That petitioner was accountable for the actions of hgis co-defendant.The accountablity statute does not read in to itself the reasoning given by the trial Judge, nor does it allow such reasoning to stand based on "only standing in doorway,blocking it". This was not a issue that would fall under the strick standard of the accountabilty statute. accountabilty is not a issue in the instant action, and when this Honorable Court reviews the record in the instant action, it wil see that it is not.

As a matter of law, the accountabilty statute and issue does not apply in the instant case, and must be overturned by this Honorable Court.

Petitioner had ineffective assistance of counsel throughout his entire state proceedings, and his constitutional rights under the SIXTH AND FOURTEENTH AMENDMENTS to the UNITED STATES CONSTITUTIONAL WERE VIOLATED.

These issues were so grave  in nature to deprive petitioner  his right under the United States Constitution.THese vilation were of constitutional madnatute,proof that counsels errors werevso serious as to deprive the defenant of a fair trial, a trial where results are reliable, predujice is established when a reasonable probabilty exists, that for counsels unprofessional error, the results would have been diferent.The standard does not require that his attorney ineffectiveness more likely than not altered the outcome in the case, reasonabilty probilty is one suffcent toundermined confidenceb in the outcome,even if the odds that the defendant would have bean acquitted had he recieved effective representatrion appear to be less than fifty percent, prejudice has been established ds long as the chances of acquittao are better than begligable. MILLER v.  ANDERSON,255 F.3d.455, 459(7th.Cir,.2001).In any case,an attorneys actions in the defense are not immune from examination simply becausebthey are teactical.Also, stragic choices are not immune from examination when ineffective assistance issues goes to the heartbof allm of petitioners: defends at trial and are issues in this forum.Also, a court cannot make decisions that are contrary to clearly established law,a court cannot cite and apply rules that are inconsntent with Supreme court predence,SEE STRICKLAND v. WASHINGTON,and WOODFORD v.VISCITTA, 466 U.S. 668,104 S.Ct.2052,80 L.Ed.2d.674 and 537 U.S. at 19,S.Ct. 357,154 L.Ed.2d.279(2002).The Federal Court will only intervenve in a state court decision when it does not comport to established federal case law.See STERNES v.WARD, RATHER, WARD v. STERNES,334 F.3d. 279 696,703(7th.Cir.2003). In the instant action, that is exactly what ha¥ppened.

    It is the mandated duty of a federal court to overurn a state courts decision if it does not comply with mandated precence law. No interpreation of the predence can be allowed except the correct one, it is the federal courts duty to, as a matter of law, to overturn.SEE STERNES supra. It is also mandated by statute and predence case law that a predence case is the controlling case law of that issue

By the ineffective assistance of counsel not obecting to unreasonable

appllication of controlling clearly established law and not preserve it for

appeal purpose, petitioner had no attorney at all in the legal sense.

All  of the issues he has ever brought before any court will be allowed

to be reopened because he had ineffectrive assistance of counsels at all state

levels.

all doors that were closed to him, will now be opened.

Further, any res judicata issue are moot, for due to the ineffectiuve assisance

of counsel, all door that were closed,not open, as a matter of law.SEE ROE

v FLORES-ORTEGA,523 U.S. 470, 120 S.Ct. 1029(220).WILLAMS v TAYLOR,529 U.S.

362,120 S.Ct.1495(2000),Errors that undermined confidence in the fundmental

fairness of the state adjudication justify the issuance of a federal writ of

habeaws corpus SEE TENGUE v. LAHE,489 U.S. 288,311-314,109 S.Ct. 1060,103

L.Ed.2d.334(1989) When ineffective assistance of counsel are issues that are

presented to the federal Court along with other issues, it is the duty of that

Federal Court to look closely into the issue and asertain if it is the cause

of all other issues. SEE WILLIAMS,supra Further it is the duty of a federal

court to protect the constitutonal right of a criminal defenant when a state

court hass made unreasonable application of clearly established law as

outlined by the United States Supreme Court.

   Throughout petitioners entire state proceeding, he had ineffective

assistance of counsel and has no other redress but to petition this Honorable

cCourt for redress. It is beyond question, when the record and examined and

other papers submitted to and by this Honorable Court, they will bare out

all of the issues that petitioner has made as true and correct and that his

constitutional righs were violated throughout.

   Petitioner would further submit to hhis Honorable Court  that had he

had effecve assistance of counsel he would not be in this forum now.

Petitioner has attached **exhibits A(1) through A (8)** as a record of part of the ineffective issue, which speaks for itself. SEE ATTACHED EXHIBITS A9!)-A(8) hereto attached.

Petitioner respectfully submits all of the foregoing issue with the fullest knowledge that only this Honotable Court can correct the wrongs done by the state of illinois.

WHEREFORE, petitioner would respectfully pray that this Honorable Court **GRANT** this **WRIT OF HABEAS CORPUS, INSTANTER**, and order one of thev following.

1.ORDER A NEW TIAL ON THE ISSUES;

2.ORDER THE NEW TRIAL BE BE WITHIN 120 DAYS OR PETITIONER BE RELEASEFROM CUSTODY,

3.ORDER PETITIONER RELEASED FROM CUSTODY FORTHWITH;

4. ORDER A HEARING ON THE MERITS OF THIS PETITION.

Petitioner would respectfully pray that this Honorable Court **GRANT** all or anyone of the above. *Refiled* JAN 3, 2008

DATED: _____ 2007

Respectfully   Submitted,

*Warren Evans* B-61256

DARREN EVANS,PETITIONER, Pro Se - B-61256

BOX 112

JOLIET, IL. - 60433

PETITIONER WAS DENIED DUE PROCESS OF LAW, FAIR TRIAL, AND
EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE 5TH, 6TH, AND
14TH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND THE
CONSTITUTION OF THE STATE OF ILLINOIS WHEN THE TRIAL JUDGE
ARBITRARILY AND CAPRICIOUSLY ASSIGNED PETITIONER AS A PARTICIPANT
CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE.

Petitioner was one of three co-defendants charged in the
shooting deaths of Maurice Collier and Derick Harris and the
attempted murder of the state's only witness, Vincent Carlton.
The eyewitness, Vincent Carlton, (herein after Carlton), testified
that all three co-defendants were shooters in the deaths and
assault. However, forensic evidence showed that all the bullet
casings and all the bullet fragments came from the same gun.

The state's only witness to the shootings was Carlton who
was an admitted drug dealer, heroin user, and twice convicted
burglar with four or five pending felony cases, consisting of
drug cases and a charge of violation of bail bond in the very
same courtroom in which his testimony occurred.  None the less,
he was out on bond despite the fact that he was subject to
consecutive sentences on his pending cases.

At about 5:00 p.m. on the date of the occurence, Maurice
Collier approached the petitioner, (Pete), in an angry manner and
the Petitioner fired a warning shot at Collier's f
exclaiming to Collier to "get up off me; get away from me!".

Later that day in an alley outside the residence of Carl
Jones; Collier pulled a weapon on the Petitioner and held said
weapon to the Petitioner's head.  Carl Jones took the weapon from
Collier and thereafter peace was made between Collier and the
Petitioner.

C arl Jones then directed everybody present to get into his
van and they drove to Carl Jones sister's residence.  While

EXHIBIT "A" (1)

en route to the residence of Carl Jones sister; Carl gave Maurice
Collier back his pistol and clip.  The Petitioner apologized to
Maurice Collier for having pulled a weapon and fired a shot at
Collier's feet earlier in the day and everything appeared to be
alright.

After about thirty minutes at Carl Jones sister's house
everyone present got into the van and went to 4462 South Wentworth
in the city of Chicago to prepare for the nights business.  Carl
Jones was the leader of the enterprise with co-defendants Golar
and the Petitioner acting as one crew while the decedent's Harris
and Collier along with the witness Carlton acted as a second work
crew.

When they arrived at 4462 Wentworth, Carlton climbed in
through a second floor window and let everyone (Derrick Harris,
Maurice Collier, Petitioner, Jerry, Co-defendants Kevin Golar and
Carl Jones) in.  Carlton admitted that he lied when he told
Detective McCann that a person named George had the keys and had
opened the apartment and then left.

After 10 - 15 minutes, Co-defendant Carl Jones left the
apartment to make a phone call to start sending co-workers.
Carlton testified that he, Derrick Harris and Maurice Collier
were the second shift who were suppose to replace Co-defendant
Kevin Golar, Jerry and the Petitioner.  They sat around talking
for about thirty minutes and everything seemed alright.

Co-defendant Carl Jones returned to the apartment and the
witness Carlton testified to two versions of where the defendants
were standing.  First, that Co-defendant Carl Jones was standing
by the living room, Petitioner was standing by the front door,

EA (a)

and Co-defendant Kevin Golar was standing by the living room
wall.  Vincent Carlton also testified that "they were standing on
the side of the wall like more, almost more in the dining room
than they would be in the living room."

Vincent Carlton was pacing the floor.

"Q.  What is the first thing that happened while you were
pacing?

A.  First happened when I was pacing I hear gun shots . . .

Q.  What did you see Kevin do?

A.  Kevin was standing over right across from me shooting.

.    .    .

Q.  Do you know who Kevin was shooting at?

A.  No.  First I saw Reese hit the ground."  On cross
examination (on behalf of the Petitioner) Vincent Carlton testified:

"Q.  Kevin took out his gun suddenly?

A. Yes.

Q.  Kevin shot Maurice suddenly?

A. Yes, Sir.

Q    And then Kevin pointed the gun at you?

A. Yes, Sir."

. . . . .    . . . . . .   . . . . . .  . . . . . . .

"Q.  When you heard the gunshots what did you do?

A.  I turned around, look(sic).  When I look up -- I see
Carl over across from me and Kevin across from me and
turn off and turn towards the front door.

Q.  Before you ran toward the front door what did you see
Carl do?

A.  Just pull the gun that was all.

Q.  Was that after the shot?

A.  Yes.


A (3)

Q.  When you turned around after hearing the shots was Pete doing anything when he was standing by the door?

A.  Yes    Pulled a silver nine millimeter.

Q.  Was this _after_ the shots?

A.  Yes.

Q.  You said Peter had a silver nine millimeter.  What type of gun did Carl have?

A.  He had a silver nine.

Vincent Carlton also testified that he then "<u>saw</u>" Pete shoot him in the back. (Emphasis added.)  Carlton then ran towards the pantry in the back of the apartment.  How witness Carlton saw someone shoot him in the back while running away from the shooter in the darkened apartment was never satisfactorily explained by Mr. Carlton and was specifically rejected by the court below:

> "Now, he says that he thinks a particular person shot him, but I don't know if that's . . . accurate at all because he's in a hurry.  He's scared, and he gets shot in the back side . . . but I'm certainly not convinced beyond a reasonable doubt that either . . . Pete or Kevin did the actual shooting at this time.

Vincent Carlton was impeached in his prior inconsistant statements to police.  Vincent Carlton's testimony that the petitioner shot him was impeached by the testimony of Police Officer Rossi that at the scene of the shooting he asked victim Carlton who shot him and:

> "he related that it was a subject known as C.J., or I believe it was Carl Jones,"

Vincent Carlton was further impeached:

> "Q.You didn't tell Detective O'Conner in the hospital that night that Pete shot you?
>
> A.  Yes, Sir. Yes, I did.

A (4)

Q.   You didn't tell Detective O'Conner in the hospital that
Pete was even there.

A.   Yes, I did.

Q.   You didn't -- what you told Detective O'Conner was that
Carl Jones, Kevin, and an unknown male black were there?

A.   No, Sir.

Q.   You never told Detective O'Conner that Pete shot you in
the back?

·  ·  ·

A.   I did."

Vincent Carlton also denied telling Detective O'Conner

shortly after ariving at the hospital that after they got there

Jones, Kevin and a third <u>unknown</u> male black came up and started

shooting. (Emphasis added.)

Detective O'Conner testified that on January 6, 1991 he

interviewed Vincent Carlton in the Cook County Hospital.

Vincent Carlton told Detective O'Conner that:

"he and the other two victims had gone with a person named
George to 4462 S. Wentworth to do some dope and after
they got there, Carl Jones, Kevin, and <u>an unknown male
black</u>, came in and started shooting. (Emphasis added.)

Vincent Carlton further testified during cross examination

on behalf of the petitioner:

"Q.   You never told any police officer at 4462 S.
Wentworth that Darren Evans was present?

A.   Yes, Sir I did."

Vincent Carlton denied telling Police Office Bereta that:

"Maurice, Derrick and myself -- went to 4462 S.
Wentworth in Jones van.  When they got to the second
floor five to six male blacks were up there and opened
fire on them."

Police Officer Bereta testified via stipulation to the foregoing

statement by Carlton on January 5, 1991 at 4462 S. Wentworth.

A (5)

In later testimony, Vincent Carlton admitted that in the three years between the shooting and the trial he had never told the police that Darren Evans or Pete had shot him.

The trial court found the testimony of the state's witness to be incredible and that the same was impeached many times.  By finding the Co-defendant carl Jones not guilty the court ruled sub-silento that there was no existing conspiracy to kill the decedant's or the state's witness Vincent Carlton.

The Petitioner while at 4462 Wentworth while standing in the darkened apartment heard gunfire breakout.  Reacting to that gunfire the petitioner pulled his weapon in self defense as did the Co-defendant Carl Jones.  Petitioner did not have prior knowledge that the Co-defendant Kevin Golar would attempt to assinate the victums and indeed does not even know at present what motivated Kevin Golar to do the same.

While pulling his weapon the Petitioner observed Vincent Carlton and Derrick Harris come running past him with Kevin Golar in pursuit,  Petitioner did in no way attempt to detain or assault either Carlton or Harris and was acting in a stricly defense mode during the events as they occurred.

The trial judge in error arbitrarily and capriciously finds that because the Petitioner was standing by the door at the time of the attack he must therefore have been acting in concert with the Co-defendant Kevin Golar.  It was the trial judges opinion that the pulling of the weapon by the Petitioner showed that Petitoner was aiding Golar in the attack by guarding the door.  Despite the fact that the Grand Jury indicted based on the Petitioner being a primary perpatrator in conspiracy to kill the judge finds the Petitioner guilty under the theory of accountability.

A.t.

At trial the state's only occurence witness was impeached
and found to be without moral fiber or recognition of what the
truth or swearing to tell the truth means.  There was no evidence
given to substantiate the presence of a conspiracy to cimmit
murder or that the Petitioner had any knowledge of what was
occurring  other than as he watched the event's infold before his
eyes.  The trial judge despite a reasonable conclusion that the
Petitioner pulled his weapon in self defense and was standing by
the door as a matter of happenstance decides to convict the
Petitioner just because standing by the door and pulling his
weapon may have indicated that he was acting in concert with the
assailant Kevin Golar.

The state bears the burden of proof beyond a reasonable
doubt that the Petitioner was guilty of each and every element of
the crime as charged.  Petitioner asserts to this Honorable Court
that no trier of fact viewing the evidence as given could possibly
have found him guilty of the offenses as charged, and could have
come to no other conclusion than that the state's key witness was
a liar who was fabricating evidence and was unreliable and untrust-
worthy.  Kevin Golar acted alone in his attack on Herre    Miller,
Derrick Harris, and Vincent Carlton for reason known only to
Golar.  The state did not meet it's burden of proof and were it
not for the arbitrary finding and judgement of the trial judge
the Petitioner would be free from conviction and incarceration as
is proper.  Petitioner asserts to this Honorable Court thathe is
in fact innocent of the charges and to this day does not know
what provoked Kevin Golar to attack and kill the decedent's and
. severly injure the state's witness Vincent Carlton.

Petitioner asserts additionally to this Honorable Court that the evidence even if reviewed in the light most favorable to the state will not substantiate conviction.

Appellate Counsel was ineffective for failing to argue on direct appeal this argument in it's totality where an innocent Petitioner is confined in the Illinois Department of Corrections in direct violation of the United States Constitution as that relates to Fair Trial, Due Process, and Effective Assistance of Counsel.  Petitioner asks for the foregoing reasons that this Honorable Court right a past wrong and release Petitioner from illegal confinement for a crime that he is totally innocent of.

Petitioner additionally asks this Honorable Court to excuse the rough nature of his pro-se argument and asks that appropriate counsel be assigned to amend this petition as needed.

Petitioner additionally asserts to this Honorable Court that he now files this Petition for Writ of Habeas Corpus so as not to become time barred by time allocations as they are designated by U.S.C. Title 28, Section 2244 amended by the Anti Terrorism and Effective Death Penalty Act of 1966 despite the fact that Petitioner at present has a pending Post-Conviction Petition before the Circuit Court of Cook County, Illinois.  Despite demand to reply to the same the Circuit Court has failed to respond and Petitioner not being well versed in the law asserts to this Honorable Court that he does not wish to waive his right to have this Honorable Court rule on the merits of his argument.

A-4