UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. | ) | |
|   DARREN EVANS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 07 C 6937 |
| | ) | |
| TERRY McCANN, Warden, | ) | |
|   Stateville Correctional Center, | ) | The Honorable |
| | ) | James B. Zagel, |
| Respondent. | ) | Judge Presiding. |

_____

## RESPONDENT'S MOTION TO DISMISS

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United

States District Courts,[1] this Court's January 18, 2008 order directing respondent to

"answer the petition or otherwise plead," and 28 U.S.C. § 2244(d)(1)(A), respondent

TERRY McCANN moves this Court to dismiss, with prejudice, petitioner's petition for

---

[1]  Rule 4 of the Rules Governing Section 2254 Cases in the United States
District Courts contemplates that a response to the petition may be by "motion, or
other response."  The Committee Notes explain that where a "dismissal may be
called for on procedural grounds," a response by motion could "avoid burdening the
respondent with the necessity of filing an answer on the substantive merits of a
petition." Advisory Committee Notes to Rule 4, 1976 Adoption.  This reasoning
remains in force following the 2004 amendments to Rule 4.  *See* Advisory
Committee Notes to Rule 4, 2004 Amendments ("[t]he amended rule [4] reflects that
the response to the habeas petition may be a motion").  *See also* Advisory
Committee Notes to Rule 5, 2004 Amendments (Rule 4 permits the filing of pre-
answer motions to dismiss, and "reflects the view that if the court does not dismiss
the petition, it may require (or permit) the respondent to file a motion.").

writ of habeas corpus as untimely under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). In support, respondent states as follows:

1.     Petitioner, Darren Evans, is incarcerated at the Stateville Correctional Center in Stateville, Illinois, where he is in the custody of respondent, Terry McCann. Petitioner's prison identification number is B61256.

2.     Following a 1994 bench trial in the Circuit Court of Cook County, Illinois, petitioner was convicted of two counts of first degree murder and one count of attempted first degree murder. Rule 23 Order, *People v. Evans*, No. 1-95-0295 (Ill.App. 1996) (Exhibit A). Petitioner was charged under a theory of accountability in connection with the murders of Derrick Harris and Maurice Collier and the attempted murder of Vincent Carlton. The trial court subsequently vacated petitioner's murder conviction as to Collier and sentenced petitioner to 50 years for one first degree murder conviction, to run consecutively to a term of 25 years for the attempted murder conviction. Exh. A at 1.

3.     Petitioner appealed his judgment of conviction to the Illinois Appellate Court, First District, which affirmed on October 31, 1996. Exh. A at 17. Petitioner filed a petition for leave to appeal (PLA) in the Illinois Supreme Court that the court denied on January 29, 1997. Order, *People v. Evans*, No. 82367 (Ill. 1997) (Exhibit B). Petitioner had 90 days within which to file a petition for writ of certiorari in the United States Supreme Court (*see* S. Ct. Rule 13), but he did not do so.

4.      On July 27, 1997, petitioner filed[2] in the Circuit Court of Cook County a pro se "Motion for Extension of Time To File For Post-Conviction Relief." Motion for Extension of Time to File for Post-Conviction Relief, *People v. Evans*, No. 91 CR 19351, Circuit Court of Cook County (Exhibit C). On September 4, 1997, the postconviction trial court denied petitioner's motion. *See* Order, *People v. Evans*, No. 91 CR 19351 (Exhibit D).

5.      On March 26, 1998, petitioner filed in the Circuit Court of Cook County a pro se "Motion to Respond," alleging that he had filed a pro se petition for postconviction relief, pursuant to the Illinois Post-Conviction Hearing Act (codified at 725 ILCS 5/122-1, *et seq.*) to which the Clerk of the Circuit Court of Cook County had failed to respond. Motion to Respond, *People v. Evans*, No. 91 CR 19351, Circuit Court of Cook County (Exhibit E). On August 10, 1998, petitioner filed a pro se motion "For Continuance to Re-File an Original Petition for Post-Conviction Relief," asserting that on October 21, 1997, he had mailed an original and four copies of his postconviction petition to the Clerk of the Circuit Court of Cook County with a letter of direction to mail him a stamped copy.[3] Motion for Continuance to

_____

[2] For purposes of ascertaining the dates on which petitioner filed documents in state and federal court, respondent assumes that the documents are filed on the date that petitioner signed and dated the documents in question, rather than the file-stamp date provided by the respective clerk's offices. *See, e.g., Jones v. Bertrand*, 171 F.3d 499, 502 (7th Cir. 1999) (mailbox rule extended to pro se habeas petitions). This gives petitioner the benefit of the earliest possible filing date.

[3] Although petitioner's state court records contain a handwritten petition for post-conviction relief dated October 21, 1997, it is not file-stamped. Petition for Postconviction Relief, *People v. Evans*, No. 91 CR 19351, Circuit Court of Cook

Re-File an Original Petition for Post-Conviction Relief, *People v. Evans*, No. 91 CR

19351, Circuit Court of Cook County (Exhibit H).  In that motion, petitioner stated

that he never received a stamped copy of his petition from the circuit court, that he

did not possess a copy of that petition, and that his mother learned that the clerk's

office had no record of the original petition; petitioner then requested time in which

to prepare another petition.  Exh. H at 1-2.

6.     At a September 16, 1998 hearing, the circuit court stated that it had

examined the postconviction petition, determined that it was frivolous and patently

without merit, and dismissed it, holding that the matters raised therein were

barred by the doctrine of res judicata.  *See* Report of Proceedings, September 16,

1998 (Exhibit I); Order dismissing postconviction petition, *People v. Evans*, No. 91

CR 19351 (Exhibit J).

7.     Petitioner appealed the judgment dismissing his postconviction

petition to the Illinois Appellate Court, First District, claiming that his case should

be remanded for further proceedings because the circuit court did not dismiss his

petition within 90 days of the date of filing as mandated by 725 ILCS 5/122-2.1.

Rule 23 Order at 3, *People v. Evans*, No. 1-99-1786 (Ill.App. 2000) (Exhibit K).  On

September 21, 2000, the Illinois Appellate Court affirmed the dismissal of

petitioner's postconviction petition, holding that the circuit court made its

---

County (Exhibit F).  An entry in the memorandum of orders in the common law
record for August 24, 1998 states: "petition for post-conviction relief filed to be
heard *** on 9-16-98."  Memorandum of Orders, *People v. Evans*, No. 91 CR 19351,
Circuit Court of Cook County (Exhibit G).

determination within the 90-day time limit.  Exh. K at 5.  Petitioner filed a PLA in

the Illinois Supreme Court that the court denied on January 29, 2001.  Order,

*People v. Evans*, No. 90448 (Ill. 2001) (Exhibit L).

8.     On October 25, 2000, while the aforementioned PLA was pending,

petitioner filed a second petition for postconviction relief in the Circuit Court of

Cook County.  Petition for Postconviction Relief, *People v. Evans*, No. 91 CR 19351,

Circuit Court of Cook County (Exhibit M).  On November 15, 2000, the state

postconviction court denied the petition.  Order dismissing successive postconviction

petition, *People v. Evans*, No. 91 CR 19351 (Exhibit N).

9.     Petitioner appealed this judgment to the Illinois Appellate Court, First

District, and the Office of the Public Defender was appointed to represent him on

appeal.  Rule 23 Order at 1, *People v. Evans*, No. 1-01-0173 (Ill.App. 2001) (Exhibit

O).  Petitioner's appointed counsel filed a motion for leave to withdraw as counsel

pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), arguing that there were no

arguable bases for collateral relief.  *See* Exh. O at 1-2.  On November 15, 2001, the

state appellate court allowed appellate counsel to withdraw, finding that there were

no issues of arguable merit on appeal, and affirmed the dismissal of petitioner's

successive postconviction petition.  *See* Exh. O at 2.

10.    Petitioner filed a PLA in the Illinois Supreme Court that the court

denied on April 3, 2002.  Order, *People v. Evans*, No. 93047 (Ill. 2002) (Exhibit P).

11.    On November 29, 2007, petitioner filed a petition for writ of habeas corpus in this Court under 28 U.S.C. § 2254(d).  Pursuant to this Court's December 18, 2007 order to submit an amended petition, petitioner filed an amended petition on January 3, 2008, raising the following claims:

a.    petitioner's extended-term sentence for first degree murder violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000);

b.    Illinois's consecutive sentencing statute violates *Apprendi*;

c.    petitioner was not proved guilty beyond a reasonable doubt of first degree murder under a theory of accountability and the statute governing accountability was not applicable in his case; and

d.    trial counsel was ineffective.

12.    Petitioner has exhausted his state court remedies because no state court avenues remain available by which petitioner may present the constitutional claims that he has raised in the present federal habeas petition.

13.    The following materials, pertinent to this Court's timeliness determination, are being filed as exhibits with this Court:

Exhibit A:    Rule 23 Order, *People v. Evans*, No. 1-95-0295 (Ill.App. 1996);

Exhibit B:    Order, *People v. Evans*, No. 82367 (Ill. 1997);

Exhibit C:    Motion for Extension of Time to File for Post-Conviction Relief, *People v. Evans*, No. 91 CR 19351, Circuit Court of Cook County;

Exhibit D:    Order, *People v. Evans*, No. 91 CR 19351;

Exhibit E:    Motion to Respond, *People v. Evans*, No. 91 CR 19351, Circuit Court of Cook County;

Exhibit F:    Postconviction petition, *People v. Evans*, No. 91 CR 19351, Circuit Court of Cook County;

6

Exhibit G:   Memorandum of Orders, *People v. Evans*, No. 91 CR 19351, Circuit Court of Cook County;

Exhibit H:   Motion for Continuance to Re-File an Original Petition for Post-Conviction Relief, *People v. Evans*, No. 91 CR 19351, Circuit Court of Cook County;

Exhibit I:   Report of Proceedings, September 16, 1998;

Exhibit J:   Order dismissing postconviction petition, *People v. Evans*, No. 91 CR 19351;

Exhibit K:   Rule 23 Order, *People v. Evans*, No. 1-99-1786 (Ill.App. 2000);

Exhibit L:   Order, *People v. Evans*, No. 90448 (Ill. 2001);

Exhibit M:   Petition for Postconviction Relief, *People v. Evans*, No. 91 CR 19351, Circuit Court of Cook County;

Exhibit N:   Order dismissing successive postconviction petition, *People v. Evans*, No. 91 CR 19351;

Exhibit O:   Rule 23 Order, *People v. Evans*, No. 1-01-0173 (Ill.App. 2001);

Exhibit P:   Order, *People v. Evans*, No. 93047 (Ill. 2002); and

Exhibit Q:   Senate Bill 1440, 93rd General Assembly (Aug. 8, 2003).

14.    The instant petition for writ of habeas corpus should be dismissed with prejudice because it is untimely under 28 U.S.C. § 2244(d)(1), which imposes a one-year statute of limitations on the filing of § 2254 habeas corpus petitions. Section 2244(d) provides as follows:

(1)  A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C § 2244(d).

15.     Petitioner does not allege a State impediment to filing, a newly recognized and retroactive constitutional right, or a subsequent discovery of the factual predicate of a claim.  *See* 28 U.S.C. § 2244(d)(1)(B)-(D).  Therefore, of the four possible dates from § 2244(d)(1) for starting the limitations period, the date on which petitioner's conviction became final is the only one applicable to the present case.  *See* 28 U.S.C. § 2244(d)(1)(A).

16.    Giving petitioner the greatest benefit of the doubt, his conviction became final under § 2244(d)(1) on April 29, 1997 — 90 days after the Illinois Supreme Court denied his PLA on direct review — when the time to file a petition for writ of certiorari in the United States Supreme Court expired. *Anderson v. Litscher*, 281 F.3d 672, 674 (7th Cir. 2002). Therefore, petitioner's federal habeas petition was due in this Court on or before April 29, 1998.

17.    But under § 2244(d)(2), the § 2244(d)(1) limitations period is tolled during the pendency of a "properly filed" application for postconviction relief. *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005). Assuming arguendo that petitioner filed his first state postconviction petition on October 21, 1997, the date that he allegedly mailed his petition to the Clerk of the Circuit Court of Cook County,[4] that filing tolled the limitations period under § 2244(d)(2). *See Fernandez v. Sternes*, 227 F.3d 977, 978 (7th Cir. 2000) (if a state court accepts and entertains a petition on the merits it is considered "properly filed"). This filing was "properly filed" under § 2244(d)(2). *See* Exh. I (dismissing petitioner's postconviction petition because it was barred by res judicata); Exh. K at 5 (finding that the circuit court made its determination within the 90-day limit provided in the Post-Conviction Hearing Act and affirming the judgment of the circuit court dismissing his petition as frivolous and patently without merit). However, 175 days of untolled time elapsed between

_____

[4] As noted above, there is no file stamped copy of the petitioner's postconviction petition in the state court records. But even giving petitioner the benefit of the mailbox rule, *see Jones*, 171 F.3d 399, the instant petition is still untimely if this Court accepts October 21, 1997, the date of mailing, as the filing date for petitioner's postconviction petition.

the conclusion of direct review on April 29, 1997 and the initiation of petitioner's postconviction action on October 21, 1997.

18.    On October 25, 2000, while petitioner's PLA from the dismissal of his first postconviction petition was pending in the Illinois Supreme Court, he filed a second postconviction petition, which continued tolling the limitations period under § 2244(d)(2). *Smith v. Walls*, 276 F.3d 340, 344 (7th Cir. 2002) (per curiam) (tolling the limitations period upon the filing of a successive postconviction petition where Illinois did not impose any filing preconditions for successive petitions).[5]

19.    After the state supreme court denied petitioner's successive postconviction PLA on April 3, 2002, the statute of limitations period began running again. *Lawrence v. Florida*, 127 S.Ct. 1079, 1083-84 (2007) (petition for a writ of certiorari on postconviction review does not toll limitations period under § 2244(d)(2)); *Gutierrez v. Schomig*, 233 F.3d 490, 491-92 (7th Cir. 2000) (limitations period is not tolled during time state postconviction petitioner could have filed, but did not file, petition for writ of certiorari). However, 2,066 days of untolled time elapsed between the conclusion of petitioner's second round of postconviction review

---

[5]    At the time that petitioner filed his successive postconviction petition — October 25, 2000 — the Illinois Post-Conviction Hearing Act did not impose any preconditions to filing a second or successive postconviction petition. *See* Senate Bill 1440, 93rd General Assembly (Aug. 8, 2003) (amending Illinois Post-Conviction Hearing Act to prevent prisoners filing a second or successive postconviction petition without obtaining leave of court) (Exhibit Q). That law has since been changed to require petitioners to obtain leave of court prior to filing a successive postconviction petition. *See* 725 ILCS 5/122-1(f).

on April 3, 2002 and the mailing of this instant habeas petition on November 29, 2007.[6]

20.     In sum, petitioner's federal habeas petition was filed 2,241 days after his judgment of conviction became final under § 2244(d)(1)(A).  This tally includes: (1) the 175 days that elapsed between the conclusion of petitioner's direct appeal and the start of petitioner's first round of postconviction proceedings; and (2) the 2,066 days that elapsed between the conclusion of petitioner's successive postconviction proceedings and the filing of the instant habeas petition.  The present petition is therefore late under § 2244(d)(1).  Because petitioner filed his habeas petition more than one year after AEDPA's limitations period began to run under § 2244(d)(1)(A), the petition is untimely, and this Court should dismiss it with prejudice.

21.     Petitioner has not argued that equitable tolling should excuse his untimely filing.  *See, e.g.*, *Pace,* 544 U.S. at 418 (equitable tolling generally permissible only if petitioner demonstrates that he has been pursuing his rights diligently and some "extraordinary circumstance" prevented timely filing); *Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006).  Nothing on this record indicates

---

[6] Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts sets forth the "mailbox rule" applicable to pro se habeas filings.  The date of mailing constitutes the date of filing in this case.  Petitioner indicated in his petition that he placed it in Stateville Correctional Center's internal mailing system on November 29, 2007, and pursuant to a 1981 consent decree, Stateville is obligated to provide appropriate envelopes and pay for postage for all legal mail of the inmates.  *Ingram v. Jones*, 507 F.3d 640, 644 (7th Cir. 2007).  Plaintiff has thus complied with Rule 3(d).

that any extraordinary circumstance not attributable to petitioner prevented him from complying with AEDPA's limitations period. Petitioner is thus not entitled to equitable tolling.

## CONCLUSION

This Court should dismiss, with prejudice, the instant petition for a writ of habeas corpus as time-barred under 28 U.S.C. § 2244(d)(1). If the Court determines that petitioner's habeas petition is not time-barred, respondent respectfully requests 30 days from the entry of the Court's order denying this motion to address the merits and/or any procedural defaults of petitioner's claims in a subsequent submission.

March 24, 2008                                   Respectfully submitted,

                                                LISA MADIGAN
                                                Attorney General of Illinois

                              By:    /s/ Sheri L. Wong
                                     SHERI L. WONG, BAR #6291090
                                     Assistant Attorney General
                                     100 W. Randolph Street, 12th Floor
                                     Chicago, IL 60601-3218
                                     TELEPHONE: (312) 814-3692
                                     FAX: (312) 814-2253
                                     EMAIL: swong@atg.state.il.us

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2008, I electronically filed respondent's

**Motion to Dismiss** with the Clerk of the United States District Court for the

Northern District of Illinois, Eastern Division, using the CM/ECF system, and that

on the same date, I mailed by United States Postal Service the same to the

following non-registered party:


Darren Evans, B61256
Stateville Correctional Center
Route 53
P.O. Box 112
Joliet, Illinois 60434



LISA MADIGAN
Attorney General of Illinois

By:    /s/ Sheri L. Wong
SHERI L. WONG, BAR #6291090
Assistant Attorney General
100 W. Randolph Street, 12th Floor
Chicago, IL 60601-3218
TELEPHONE: (312) 814-3692
FAX: (312) 814-2253
EMAIL: swong@atg.state.il.us